## WILLIAM A. PHILLIPS *vs.* HERBERT B. WOOD.

K. devised to his wife all his realty, to hold during her life, with power to sell so much and such parts as she might think proper and necessary for her support, if the income was insufficient to maintain her comfortably.

*Held*, that the wife took a life estate, coupled with a power of sale.

*Held*, further, that this power of sale was personal to the wife, and could not be assigned by her.

K. devised the remainder in the realty, after the wife's life estate, to P. and his heirs, "provided, however, he pay all my debts of every name and kind, including funeral charges and placing gravestones at my grave."

*Held*, that P. took a remainder in fee, and that the condition attached was a condition subsequent.

BILL IN EQUITY for an injunction.

The will of John Kelton, proven before the Probate Court of Johnston, June 1, 1878, is:

" I, John Kelton, of Johnston, in the county of Providence, in the State of Rhode Island, of lawful age and sane mind, do make this as and for my last will and testament.

" *First.* I give, devise, and bequeath to my wife, Sally Kelton all the rents, profits, uses, interest, dividends, and other sources of income of all the real estate and personal property or other

evidences of property of which I may die seized and possessed, and wherever the same is situated and may be found, and which at this time consists of my real estate in Olneyville, of the houses and lots near the Providence and Springfield Railroad, my house and lot on Plainfield Street where I now reside, and two wood-lots in the town of Foster, known as lots No. 3 and 4, on a plat of the division of the estate of Joseph Phillips, deceased, which said lot No. 4 was set off to Rufus Phillips, and lot No. 3 was set off to Nancy E. Potter, wife of Nehemiah K. Potter. Also my farm situate in the town of Johnston.

" To have and to hold the same for and during her life ; and if at any time during her life the rents, profits, and issues of said property shall not be sufficient to maintain my said wife in a comfortable manner, then I hereby authorize my said wife to sell so much and such part of my said property as she may think proper necessary for her support from time to time as necessity may require.

" I hereby nominate, constitute, and appoint my said wife, Sally Kelton, sole executrix of this my last will and testament, hereby revoking all former wills and confirming this only.

" Witness my hand and seal, August 29, 1873.

" Whereas in the above bequest to my wife I did not make provision for the disposition of the remainder of said property after her decease, therefore, after the decease my said wife, I give, devise, and bequeath said property and the rents and profits thereof to Emily Amanda Markham, of the city of Providence, and to her heirs and assigns forever.

                       " JOHN KELTON. [L. S.]

" Signed, sealed, published, pronounced, and declared by the said John Kelton, in our presence, to be his last will and testament, and we, at his request, in his presence and in presence of each other, have hereto set our names as witnesses to the same.

                     " MRS. J. M. TOURTELLOT,
                     " GEORGE S. FENNER,
                     " ROBERT WILSON."

" I, John Kelton above named, of sane mind, do hereto make and declare this instrument to be a codicil to the aforegoing will, and do hereby revoke and annul so much of said will as shall be inconsistent with this codicil.

" *First.* I give and bequeath to the city of Providence the sum of one hundred dollars, for the purpose of keeping in good order my burial lot at Swan Point Cemetery, in said city of Providence, forever.

" *Second.* I give, devise, and bequeath to William A. Phillips, of said Johnston, all the rest and residue and remainder of all my property of every name and kind, to take effect after the death of my said wife, to him, his heirs and assigns forever.

" Provided, however, he pay all my debts of every name and kind, including funeral charges and placing gravestones at my grave. I give John Kelton Mathewson, the son of John A. Mathewson, one hundred dollars.

" *Third.* I hereby nominate, constitute, and appoint said William A. Phillips sole executor of my last will and testament and this codicil, hereby revoking the devise and bequest made to Emily Amanda Markham, and confirming all parts of said will not inconsistent with this codicil.

" In testimony whereof I have hereunto set my hand and seal this twenty fourth day of April, A. D. eighteen hundred and seventy eight.

" JOHN KELTON. [L. S.]

" Signed, sealed, published, pronounced, and declared by the said John Kelton, in our presence, to be his codicil to his last will and testament, and we at his request, in his presence, and in presence of each other, have hereto set our names as witnesses.

" JAMES SHERSON,
" ROBERT WILSON."

Emily Amanda Markham died May 25, 1877.

December 11, 1885, Sally Kelton executed the following trust deed to Herbert B. Wood.

" Know all men by these presents that I, Sally Kelton, of Johnston, in the county of Providence and State of Rhode Island, for and in consideration of the sum of one dollar, to me paid by Herbert B. Wood, of said Johnston, the receipt whereof I do hereby acknowledge, and in consideration of the trusts herein contained, have given, granted, bargained, sold, aliened, enfeoffed, conveyed, and confirmed . . . unto the said Herbert B. Wood, his heirs and assigns forever,

" All the real estate, with all the improvements thereon, situated in said Johnston, or wheresoever the same may be situate, which my husband, the late John Kelton, devised to me in and by his last will and testament, which said will is recorded in the probate records of said Johnston, reference thereto being had for greater particularity of description, excepting, however, therefrom such portion of said real estate so devised to me as aforesaid as I have heretofore conveyed.

" To have and to hold the same, with all the appurtenances, privileges, and commodities to the same belonging or in anywise appertaining, to the said Herbert B. Wood, his heirs and assigns forever.

" In trust, nevertheless, for the following purposes, namely, that he shall have the sole care, control, and management of said estates, with full power and authority to sell and convey any or all of the same in the same manner and for the same purposes as I might or could sell and convey the same prior to the execution of these presents, by exercise of the power and authority vested in me, the said Sally Kelton, by virtue of the said last will and testament of my late husband, John Kelton (intending to convey and hereby conveying to said trustee, his heirs and assigns, all the rights, powers, and authority vested in me by virtue of said will, or which may arise by implication of law from any of the conditions or clauses thereof, and subject to the provisions thereof); that he shall collect, receive, and receipt for all the rents, profits, and income from said estates; that out of said rents, profits, and income, together with the proceeds of the sale of any or all of said real estate, he shall, if sufficient, keep the buildings thereon in good order and condition and insured; that he shall pay all legal taxes and assessments thereon, shall pay all my just debts and the costs and expenses arising out of my care, support, and maintenance; that he shall pay the expenses incident to the creation, execution, and performance of these trusts, including a reasonable compensation for his services as trustee aforesaid.

" In witness whereof," etc.

Wood, as trustee under this deed, advertised certain realty for sale, and the complainant filed a bill to enjoin the sale. The parties to this bill agreed to submit to the court the questions as to :

1. What estate does Sally Kelton hold under her husband's will?

2. Has the complainant, Phillips, so complied with the conditions of the will as to be entitled to the residue bequeathed and devised to him? If not, what time is allowed him for compliance?

3. What estate does the respondent Wood hold under the trust deed?

*February* 19, 1887. PER CURIAM. 1. Sally Kelton, widow of John Kelton, takes under the will and codicil of her late husband an estate for life in the property given to her, coupled with a power " to sell so much and such part of the property," *i. e.* the entire estate therein, " as she may think proper and necessary for her support, from time to time, as necessity may require," the power being personal, not assignable. *R. I. Hospital Trust Co.* v. *Commercial National Bank*, 14 R. I. 625, 628.

2. The complainant takes under said will and codicil a remainder in fee, the condition attached being a condition subsequent. The estate is a remainder, not an executory devise, since it is limited to take effect on the determination of the preceding life estate. When an estate is devised on condition, the condition is construed as precedent or subsequent, according to the intention of the testator, if the intention is apparent, and, if not, preferably as a condition subsequent, since the courts favor the vesting of estates. The testator must have known that it would take time to pay debts and funeral expenses and erect gravestones, as provided in the condition, and it is fair to suppose that he contemplated the complainant's taking a reasonable time, and that meanwhile he should not be exposed to the risk of losing the benefit of the testamentary gift, and yet he would be exposed to such risk by the determination of the preceding life estate before the condition was fully performed, though it might be in great part performed if the condition were a condition precedent. The estate having vested, the complainant will succeed to the possession on the decease of the life tenant, unless the heirs interpose for breach of condition.

3. Herbert B. Wood, trustee, takes under the trust deed only the life estate of Sally Kelton, the grantor.

*George J. West*, for complainant.

*Herbert B. Wood & William Fitch*, for respondent.